UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDITH LILLIAN SISCO,<br><br>   Plaintiff,<br><br>   v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>   Defendant. | No.  1:19-cv-01277-ADA-SKO (SS)<br><br>ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEY'S FEES PURUSANT TO 42 U.S.C. § 406(b)<br><br>(ECF No. 27) |

**I.**

**PROCEDURAL BACKGROUND**

On September 10, 2019, Plaintiff Edith Lillian Sisco ("Plaintiff") filed this action seeking review of a final decision of Defendant Kilolo Kijakazi, Acting Commissioner of Social Security. (ECF No. 1.)  The Court remanded the matter on July 10, 2020, for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g).  (ECF No. 22.)

On September 8, 2020, the Court approved the parties' stipulation to award attorney's fees in the amount of $7,344.00 under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d). (ECF No. 26.) On July 14, 2023, Plaintiff's counsel David F. Chermol ("Counsel") filed the instant motion for attorney's fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act ("SSA"), in the amount of $2,891.00.  (ECF No. 27.)  Plaintiff and Counsel entered into a contingent fee

1

agreement, where Plaintiff's counsel may recover up to 25% of any past due Social Security benefits awarded. (ECF No. 27-2 at 1-2.) 25% of Plaintiff's past due benefits of $40,940.00 is $10,235.00. (ECF No. 27 at 2.) An EAJA refund of $7,344.00 reduces the amount of section 406(b) attorney's fees from $10,235.00 to $2,891.00. (*Id.*)

On July 31, 2023, Defendant filed a response agreeing that if the Court awards section 406(b) attorney's fees, Counsel must refund to Plaintiff the $7,344.00 in fees this Court previously awarded under the EAJA resulting in a net payment of $2,891.00. (ECF No. 31.)

## II.

## LEGAL STANDARD

Pursuant to the SSA, attorneys may seek a reasonable fee for cases in which they have successfully represented social security claimants. Section 406(b) provides the following:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, *not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment*, and the Commissioner of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits . . . .

42 U.S.C. § 406(b)(1)(A) (emphasis added). "In contrast to fees awarded under fee-shifting provisions such as 42 U.S.C. § 1988, the fee is paid by the claimant out of the past-due benefits awarded; the losing party is not responsible for payment." *Crawford v. Astrue*, 586 F.3d 1142, 1147 (9th Cir. 2009) (en banc) (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002)). The Acting Commissioner has standing to challenge the award, even though the government does not pay the section 406(b) attorney's fee award. C*raig v. Sec'y Dep't of Health & Human Servs.*, 864 F.2d 324, 328 (4th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807. The goal of fee awards under section 406(b) is to provide adequate incentive to represent claimants while ensuring that the usually meager disability benefits received are not greatly depleted. *Cotter v. Bowen*, 879 F.2d 359, 365 (8th Cir. 1989), *abrogated on other grounds in Gisbrecht*, 535 U.S. at 807.

The 25% maximum fee is not an automatic entitlement, and courts are required to ensure

that the requested fee is reasonable. *Gisbrecht*, 535 U.S. at 808-09 (holding that section 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, section 406(b) instructs courts to review for reasonableness fees yielded by those agreements). "Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807; *see also Crawford*, 586 F.3d at 1148 (holding that section 406(b) "does not specify how courts should determine whether a requested fee is reasonable" but "provides only that the fee must not exceed 25% of the past-due benefits awarded").

Generally, "a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,' . . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'" *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808). The U.S. Supreme Court has identified several factors that may be considered in determining whether a fee award under a contingent-fee agreement is unreasonable and therefore subject to reduction by the Court: (1) the character of the representation; (2) the results achieved by the representative; (3) whether the attorney engaged in dilatory conduct in order to increase the accrued amount of past-due benefits; (4) whether the benefits are large in comparison to the amount of time counsel spent on the case; and (5) the attorney's record of hours worked and counsel's regular hourly billing charge for non-contingent cases. *Id.* (citing *Gisbrecht*, 535 U.S. at 807-08).

**III.**

**DISCUSSION**

Here, the fee agreement between Plaintiff and Counsel, signed by both parties, provides in pertinent part:

> I agree that if my claim(s) is approved at any stage prior to the case ever reaching the Appeals Council, I will pay my representative a fee equal to the lesser of twenty-five percent (25%) of all past due benefits or Six Thousand dollars ($6,000.00) awarded on my account as a result of my claim(s), except that the maximum fee may increase at the time and to the extent that the Social Security Administration (SSA) shall determine as provided by law. If my claim(s) is favorably decided after an appeal to the Appeals Council, I will pay the firm/my representative a fee equal to twenty five percent (25%) of all past due benefits

>which are awarded on my account, regardless of whether that amount exceeds Six Thousand dollars ($6,000.00).
>
>If my claim ever reaches the Appeals Council level, the firm/my representative is entitled in such circumstances to pursue the 25% of all past due benefits through the fee petition process and/or 42 U.S.C. § 406(b) (or any combination thereof). The 25% figure shall be based on the total amount of past-due benefits, before payment to any other person or agency, including but not limited to the Department of Social Services, the Social Security Administration, any child support enforcement authority, state or federal tax agencies, or any person claiming under a right to child or spousal support. I understand that the 25% of fees described above does not include expenses or costs. The term "my account" used above includes not only myself but also any auxiliary beneficiaries under my account.

(ECF No. 27-2 at 1-2.)

The Court has considered the character of Counsel's representation of Plaintiff and the good results achieved by Counsel, which included an award of benefits. Counsel spent 42.0 hours representing Plaintiff, ultimately gaining a favorable decision in that the Acting Commissioner's decision was reversed and remanded to the agency for reconsideration. (ECF No. 27-3 at 3-4.) There is no indication that a reduction of the award is warranted due to any substandard performance by Counsel, as Counsel secured a successful result for Plaintiff. There is also no evidence that Counsel engaged in dilatory conduct resulting in delay.

The accepted fee range in the Fresno Division in non-contingency fee cases is between $475 and $575 per hour for associates and $675 and $750 per hour for senior counsel and partners. *See Mathein v. Pier 1 Imports (U.S.), Inc.*, No. 1:16-CV-00087-DAD-SAB, 2018 WL 1993727, at *11 (E.D. Cal. Apr. 27, 2018); *see also Emmons v. Quest Diagnostics Clinical Labs., Inc.*, No. 1:13-CV-00474-DADBAM, 2017 WL 749018, at *8 (E.D. Cal. Feb. 27, 2017) (accepting hourly rates between $330 and $550 for associates, and $500 and $720 for partners).

Here, the effective hourly rate requested, $204.00, does not exceed this range. (*See* ECF No. 27-3 at 4.) This hourly rate is also not excessive when compared to what the Ninth Circuit has approved in cases involving social security contingency fee arrangements. *See Crawford*, 586 F.3d 1142, 1153 (9th Cir. 2009) (explaining that the majority opinion found reasonable effective hourly rates equaling $519, $875, and $902) (J. Clifton, concurring in part and dissenting in part); *see also*

*Thomas v. Colvin*, No. 1:11-cv-01291-SKO, 2015 WL 1529331, at *2-3 (E.D. Cal. Apr. 3, 2015) (upholding an effective hourly rate of $1,093.22 for 40.8 hours of work); *Jamieson v. Astrue*, No. 1:09-cv-0490-LJO-DLB, 2011 WL 587096, at *2 (E.D. Cal. Feb. 9, 2011) (upholding an effective hourly rate of $1,169.49 for 29.5 hours of work); *Palos v. Colvin*, No. CV 15-04261-DTB, 2016 WL 5110243, at *2 (C.D. Cal. Sept. 20, 2016) (upholding an effective hourly rate of $1,546.39 for 9.7 hours of work); *Villa v. Astrue*, No. CIVS−06-0846-GGH, 2010 WL 118454, at *1-2 (E.D. Cal. Jan. 7, 2010) (approving section 406(b) fees exceeding $1,000 per hour for 10.4 hours of work, and noting that "[r]educing § 406(b) fees after *Crawford* is a dicey business").

Further, attorney's fees in the amount of $10,235.00 do not exceed 25% of the past-due benefits awarded and are not excessive in relation to the past-due award. *See generally Ortega v. Comm'r of Soc. Sec.*, No. 1:12-cv-01030-AWI-SAB, 2015 WL 5021646, at *3 (E.D. Cal. Aug. 21, 2015) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $24,350.00); *Thomas*, 2015 WL 1529331, at *3 (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $44,603.50); *Boyle v. Colvin*, No. 1:12-cv-00954–SMS, 2013 WL 6712552, at *2 (E.D. Cal. Dec. 19, 2013) (granting petition for an award of attorney's fees pursuant to section 406(b) in the amount of $20,577.57); *Jamieson*, 2011 WL 587096, at *2 (recommending an award of attorney's fees pursuant to section 406(b) in the amount of $34,500).

In making this determination, the Court recognizes the contingent-fee nature of this case and Counsel's assumption of risk in agreeing to represent Plaintiff under such terms. "District courts generally have been deferential to the terms of contingency fee contracts in § 406(b) cases." *Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003) ("Because attorneys like Mr. Sackett contend with a substantial risk of loss in Title II cases, an effective hourly rate of only $450 in successful cases does not provide a basis for this court to lower the fee to avoid a 'windfall.'" (quoting *Gisbrecht*, 535 U.S. at 807)). Attorneys who agree to represent claimants pursuant to a contingent fee agreement assume the risk of receiving no compensation for their time and effort if the action does not succeed. *Id.* Here, Counsel accepted substantial risk of loss in representing Plaintiff, whose application had already been denied at the administrative level. Plaintiff agreed to the contingent fee. (*See* ECF No. 27-2 at 1-2.) Working efficiently and effectively, Counsel

secured a remand, and ultimately, the award of substantial benefits to Plaintiff. (*See* ECF Nos. 22, 23.)

An award of attorney's fees in the amount of $10,235.00 is, therefore, appropriate. An award of fees, however, must be offset by any prior award of attorney's fees granted under the EAJA. 28 U.S.C. § 2412; *Gisbrecht*, 535 U.S. at 796. As Plaintiff was previously awarded $7,344.00 in fees pursuant to the EAJA, Counsel shall refund this amount to Plaintiff.

## IV.
## CONCLUSION

Accordingly,

1. Counsel's motion for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $10,235.00, (ECF No. 27), is GRANTED;

2. Counsel shall refund to Plaintiff $7,344.00 of the fees awarded as an offset for the EAJA fees previously awarded pursuant to 28 U.S.C. § 2412(d), (ECF No. 26); and

3. Counsel shall file on the Court's docket proof of service of this order upon Plaintiff at her current or last known address.

IT IS SO ORDERED.

Dated:   August 22, 2023                              _____
                                                     UNITED STATES DISTRICT JUDGE